**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| COUNTY OF GREENVILLE, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | Action Filed:  March 5, 2018 |
| | ) | Action Served: March 21, 2018 |
| v. | ) | |
| | ) | |
| RITE AID OF SOUTH CAROLINA, INC.; | ) | |
| PURDUE PHARMA L.P.; PURDUE PHARMA | ) | |
| INC.; THE PURDUE FREDERICK COMPANY, | ) | |
| INC.; TEVA PHARMACEUTICALS USA, INC.; | ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) | |
| JANSSEN PHARMACEUTICALS, INC.; | ) | |
| ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; JANSSEN | ) | |
| PHARMACEUTICA, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; ENDO HEALTH | ) | |
| SOLUTIONS INC.; ENDO | ) | |
| PHARMACEUTICALS INC.; ALLERGAN PLC | ) | |
| F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A | ) | |
| WATSON PHARMACEUTICALS, INC.; | ) | |
| WATSON LABORATORIES, INC.; ACTAVIS, | ) | |
| LLC; ACTAVIS PHARMA, INC. F/K/A WATSON | ) | |
| PHARMA, INC.; INSYS THERAPEUTICS, INC.; | ) | |
| MCKESSON CORPORATION; CARDINAL | ) | |
| HEALTH, INC.; AMERISOURCEBERGEN | ) | |
| CORPORATION; SMITH DRUG COMPANY; | ) | |
| WAL-MART STORES EAST, LP; WAL-MART | ) | |
| STORES, INC.; CVS PHARMACY, INC.; CVS | ) | |
| HEALTH CORPORATION; WENDY KAY; | ) | |
| MICHAEL MADDEN; LEAVIS SULLIVAN; | ) | |
| JEFFERY WARD; AATHIRAYEN | ) | |
| THIYAGARAJAH; SPINE AND PAIN, LLC; | ) | |
| JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; | ) | |
| JOHN DOE 4; CLINIC 1; CLINIC 2; CLINIC 3; | ) | |
| CLINIC 4; and CLINIC 5, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND**
**ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *County of Greenville v. Rite Aid of South Carolina, Inc. et al.*, bearing case number 2018CP2301294, from the Court of Common Pleas, Thirteenth Judicial Circuit, in the County of Greenville, South Carolina, to the United States District Court for the District of South Carolina. Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## INTRODUCTION

1.    This action is one of hundreds of related lawsuits filed against manufacturers of FDA-approved prescription opioid medications on behalf of state and local governments relating to alleged harms stemming from abuse of these medications.   On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Northern District of Ohio that would include this case and the many others like it, *i.e.*, cases in which "cities, counties and states . . . allege that . . . manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians."   *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 1**).   Over 550 actions have been transferred to the MDL, with more (including this action) surely to follow.   *Id.*, Doc. 1202 (Apr. 16, 2018 CTO-24).

2.    Like hundreds of actions in the MDL, the thrust of this lawsuit is that out-of-state pharmaceutical manufacturers misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing and promoting the medications.   The only material difference between these actions is the rotating cast of non-diverse defendants joined by each

plaintiff in a transparent effort to thwart federal diversity jurisdiction. The plaintiff lawyers have followed that familiar pattern here. Because all of the manufacturers are citizens of states or foreign states other than South Carolina, plaintiff has tacked on a handful of South Carolina citizens as defendants in an effort to destroy diversity. Specifically, Plaintiff purports to assert claims against four low-level South Carolina-based employees of one manufacturer; two South Carolina distributors of opioid products (which rest on alleged conduct having nothing to do with promotion of opioid medications or misrepresentations regarding their risks); and one South Carolina doctor (and his pain clinic) for prescribing opioid medications to consumers without any legitimate medical purpose.

3.    Federal jurisdiction cannot be so easily evaded. Under settled precedent from this Circuit and other circuits, where (as here) a plaintiff sues diverse defendants and tacks on distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties. Dozens of opioid-related actions naming similarly situated non-diverse defendants have been removed to federal court on these grounds and transferred to the MDL prior to resolution of any remand motion. Courts also may ignore the citizenship of non-diverse defendants against whom the plaintiff has no intention of obtaining a joint judgment, such as non-diverse individual employees of a large (and diverse) corporate defendant.

4.    As discussed below, there is federal diversity jurisdiction here as to all of the properly joined defendants. And judicial economy would be furthered if all removal questions were addressed by the MDL court following the transfer of this case to the MDL. *See County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order Granting Stay); *St. Bernard Parish Gov't v. Purdue Pharma L.P. et al.*, No.

2:18-cv-02717-NJB-DEK (E.D. La.), Doc. 21 (Mar. 29, 2018 Order Granting Stay).

## BACKGROUND

5.      On March 5, 2018, Plaintiff, the County of Greenville, filed a Complaint in the Court of Common Pleas, Thirteenth Judicial Circuit, in the County of Greenville, South Carolina. Plaintiff did not serve Endo with that Complaint.   On March 15, 2018, Plaintiff filed a First Amended Complaint ("FAC") (attached hereto, with process papers served upon Endo, as **Exhibit 2**) against the following Defendants, as well as unnamed, unidentified Doe Defendants:

a.      "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Insys Therapeutics, Inc.

b.      "Employee Defendants" — Wendy Kay; Michael Madden; LeAvis Sullivan; and Jeffery Ward.

c.      "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Corporation;[1]  Wal-Mart Stores East, LP; Wal-Mart Stores, Inc.; CVS Pharmacy, Inc.; CVS Health Corporation; Rite Aid of South Carolina, Inc.; and Smith Drug Company.

---

[1] On the face page of the FAC, the entity Plaintiff has named is AmerisourceBergen Corporation. However, when pleading the parties' citizenship, Plaintiff refers to AmerisourceBergen *Drug* Corporation.   (FAC ¶ 83.)   It is thus unclear which entity Plaintiff is suing.   Defendant AmerisourceBergen Corporation does not concede that it is a proper party to this litigation, and it is not.

       d.    "Dealer Defendants" — Aathirayen Thiyagarajah and Spine and Pain, LLC.

6.    The thrust of this action—like hundreds of others in the MDL—is that the Manufacturer Defendants engaged in a marketing and promotional campaign that misrepresented the risks and benefits of FDA-approved prescription opioid medications.   (FAC ¶¶ 11-17, 43-72, 118-284.)   Plaintiff alleges that the Manufacturer Defendants "sought to create a false perception of the safety and efficacy of opioids" (*id.* ¶ 11); "accomplished that false perception through a coordinated, sophisticated, and highly deceptive marketing campaign" (*id.* ¶ 12); "claimed that the potential for addiction from [their] drugs was relatively small or non-existent" (*id.* ¶ 199); and "manipulated their promotional materials and the scientific literature to make it appear [that] these items were accurate, truthful, and supported by substantial scientific evidence" (*id.* ¶ 282).   All of the Manufacturer Defendants are citizens of states or foreign states other than South Carolina.

7.    In addition to asserting claims against the Manufacturer Defendants, Plaintiff asserts claims against four low-level, South Carolina-based employees of one manufacturer (the Employee Defendants) for their alleged role in that manufacturer's marketing of opioid medications.   (*Id.* ¶¶ 89-92, 397-418.)

8.    Plaintiff's allegations against the Distributor Defendants are entirely different. Unlike the claims against the Manufacturer Defendants, Plaintiff's claims against the Distributor Defendants have nothing to do with promotion of opioid products or misrepresentations regarding their risks.   Rather, Plaintiff alleges that the Distributor Defendants "fail[ed] to report suspicious orders [of opioid products] or prevent the flow of prescription opioids . . . into Greenville County." (*Id.* ¶ 334; *see generally id.* ¶¶ 285-345.)   Two Distributor Defendants (Rite Aid of South Carolina, Inc. and Smith Drug Company) are citizens of South Carolina.   (*Id.* ¶¶ 77, 86.)   The remaining Distributor Defendants are citizens of states other than South Carolina.   (*Id.* ¶¶ 73, 75,

79-83.)

9.    Plaintiff also purports to assert claims against the Dealer Defendants—a South Carolina-based doctor and his pain clinic—accusing them of criminal drug dealing by prescribing opioid medications to consumers without any legitimate medical purpose.   (*Id.* ¶¶ 93-94.) Plaintiff describes the Dealer Defendants as "drug dealers in white coats."   (*Id.* ¶ 386.)

10.    The Complaint asserts eight causes of action against "all Defendants," though the conduct underlying each claim relates almost exclusively to alleged conduct by the Manufacturer Defendants only, on the one hand, or the Distributor Defendants and Dealer Defendants only, on the other:   (1) deceptive and unfair acts and practices; (2) fraud; (3) unjust enrichment; (4) negligence; (5) negligent misrepresentation; (6) public nuisance; (7) constructive fraud; and (8) negligence per se.   (*Id.* ¶¶ 419-495.)

11.    Endo received the FAC through service on March 21, 2018.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo is attached hereto as **Exhibit 2**.   A copy of the state court docket and all documents filed in the state court action (other than the FAC) is attached hereto as **Exhibit 3**.

## VENUE AND JURISDICTION

12.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 121(6), 1391, 1441(a), and 1446(a) because the Court of Common Pleas, Thirteenth Judicial Circuit, in the County of Greenville, South Carolina, where this action was filed, is a state court within the District of South Carolina.

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other

requirements for removal have been satisfied.

I.    **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND THE MANUFACTURER DEFENDANTS**

14.    There is complete diversity of citizenship here because Plaintiff is a South Carolina citizen and all of the Manufacturer Defendants are citizens of states or foreign states other than South Carolina, *see* Part I.A *infra*; the citizenship of unnamed, unidentified Doe Defendants is ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*; and the citizenship of the Employee Defendants, the Distributor Defendants (two of which are non-diverse), and the Dealer Defendants should be ignored for purposes of diversity jurisdiction, *see* Part I.C *infra*. This is because the Employee Defendants are fraudulently joined, and the Distributor Defendants and Dealer Defendants are severable under Federal Rule of Civil Procedure 21 and are fraudulently *mis*joined.

A.    **Plaintiff Is Diverse from the Manufacturer Defendants**

1.    **Plaintiff Is a Citizen of South Carolina**

15.    The County of Greenville is a South Carolina citizen for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (holding that Alameda County is a California citizen for purposes of diversity jurisdiction).

2.    **None of the Manufacturer Defendants Is a Citizen of South Carolina**

16.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). A limited liability company is a citizen of every state in which its members are citizens. *Gen. Tech.*

*Applications, Inc.*, 388 F.3d at 121.

17.     Applying these principles, none of the Manufacturer Defendants is a citizen of South Carolina.

18.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (FAC ¶ 60.)

19.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.* ¶ 61.)

20.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of South Carolina.   (*See id.* ¶ 43.)   Its partners are Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P.   Purdue Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings L.P.   PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New York and Connecticut; and BR Holdings Associates L.P.   BR Holdings Associates L.P.'s partners are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P.   Beacon Company's partners are Stanhope Gate Corp., a citizen of the British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a citizen of Jersey, Channel Islands.   Rosebay Medical Company L.P.'s partners are Rosebay Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of Texas; and J. Sackler, a citizen of Connecticut.

21.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.   (*Id.* ¶ 44.)

22.     Defendant The Purdue Frederick Company Inc. is a corporation organized under

the laws of New York with its principal place of business in Stamford, Connecticut.   (*Id.* ¶ 45.)

23.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.   (*Id.* ¶ 48.)

24.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.   (*Id.* ¶ 49.)

25.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.   (*Id.* ¶ 52.)

26.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.* ¶ 53.)

27.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.* ¶ 55.)

28.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.* ¶ 56.)

29.     Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.   (*Id.* ¶ 64.)

30.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.   Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey.

31.     Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.

32.      Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a Delaware corporation with its principal place of business in Parsippany, New Jersey.   (*Id.* ¶ 67.)

33.      Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.   (*Id.* ¶ 68.)   Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.   Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.

34.      Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona.   (*Id.* ¶ 71.)

35.      Accordingly, all of the Manufacturer Defendants are citizens of a state or foreign state other than South Carolina.

**B.      The Citizenship of Doe Defendants Should Be Ignored**

36.      The citizenship of the unnamed, unidentified Doe Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship.   *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").

**C.      The Citizenship of the Employee Defendants, Distributor Defendants, and Dealer Defendants Should Be Ignored**

**1.      The Employee Defendants Are Fraudulently Joined**

37.      Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendants are fraudulently joined.   "The doctrine of fraudulent joinder permits a federal court to disregard, for jurisdictional purposes, the citizenship of non-diverse defendants."   *McFadden v. Fed. Nat'l*

9

*Mortg. Ass'n*, 525 F. App'x 223, 227 (4th Cir. 2013) (internal quotation marks omitted).   As

courts within this Circuit have held, a non-diverse defendant is fraudulently joined where the

plaintiff "has no real intention of get[ting] a joint judgment" against that defendant—for instance,

a low-level employee of a large, diverse company also named as a defendant in the case.   *Linnin v.*

*Michielsens*, 372 F. Supp. 2d 811, 825 (E.D. Va. 2005) (internal quotation marks omitted).   Stated

differently, "a removing defendant may defeat remand by showing that the plaintiffs cannot

succeed against the resident defendant, *or by showing that the plaintiffs never intended to*."

*Barlow v. John Crane-Houdaille, Inc.*, No. WDQ-12-1780, 2015 WL 11070882, at *8 (D. Md.

Oct. 8, 2015) (emphasis added) (footnote omitted).

38.     Numerous courts within this Circuit and other circuits have applied this rationale to

hold that non-diverse employees of diverse corporate defendants are fraudulently joined.   For

instance, in *Linnin*, the district court held that a non-diverse employee of a large corporate

defendant was fraudulently joined in part because the plaintiff "ha[d] no intention of getting a joint

judgment against [the employee] and [the corporation]."   372 F. Supp. 2d at 823.   The individual

employee, a mechanic, was named as a co-defendant in a negligence lawsuit against his employer,

Hertz Corporation, related to the death of the plaintiff's spouse in an accident involving an aerial

lift owned and rented out by Hertz.   *Id.* at 813-14.   Because "[j]uries are loath to saddle a lowly

employee with a joint and several judgment" against a large corporation, the court explained,

"[a]ny experienced trial lawyer . . . who actually desires a judgment against a target defendant

would never seek a joint judgment against a target defendant and . . . lowly employee[s] for fear

that the judgment amount would be reduced or negated out of sympathy for the employee[s]."   *Id.*

at 824.   As many courts have recognized, "[g]iven the relative financial positions of most

companies versus their employees, the only time an employee is going to be sued is when it serves

a tactical legal purpose, like defeating diversity." *Id.* (quoting *Ayoub v. Baggett*, 820 F. Supp. 298, 300 (S.D. Tex. 1993)); *see Jones v. Target Store Inc.*, No. 3:09-cv-81, 2009 WL 1209034, at *3 (E.D. Va. May 1, 2009) ("Adding Anderson as a defendant, when it is uncontroverted that he is an employee of the Target store where the incident occurred, does nothing for Plaintiff but defeat diversity."); *Orr v. Delhaize Am., Inc.*, No. 2:09CV527, 2010 WL 11566037, at *3 n.5 (E.D. Va. Feb. 19, 2010) (explaining that "the intent [to obtain a joint judgment] analysis . . . suggests an alternate basis for finding" fraudulent joinder where the plaintiff "seeks to recover two million dollars from a large company that owns and operates supermarkets in numerous states and an assistant customer service manager").   Because the plaintiff had "nothing to gain from joining [the employee] except for defeating diversity," the court in *Linnin* rejected this "procedural gamesmanship" and found the employee fraudulently joined.   372 F. Supp. 2d at 824-25.

39.      Likewise here, Plaintiff "has no real intention of get[ting] a joint judgment" against the Employee Defendants, who are low-level sales representatives of one Manufacturer Defendant.   *Id.* at 825 (internal quotation marks omitted).   In this action, Plaintiff seeks to recover "millions of dollars" that it purportedly has lost as a result of a decades-long, nationwide "deceptive marketing campaign" allegedly undertaken by major manufacturers of opioid medications (FAC ¶ 34), as well as punitive damages and attorneys' fees (*id.* Prayer for Relief ¶¶ i, iii-iv).   Against this backdrop, it simply is not plausible that Plaintiff also intends to saddle the Employee Defendants—four low-level, South Carolina-based employees of one Manufacturer Defendant—"jointly and severally" with these massive sums, as the Complaint claims.   (*Id.* Prayer for Relief.)   Plainly, in the context of a lawsuit against major pharmaceutical manufacturers, Plaintiff does not intend to obtain a multi-million dollar judgment against both those manufacturers and four low-level employees from whom it will never collect.   Plaintiff

instead will look to their employer (the Manufacturer Defendant) to "be responsible for any damages under the doctrine of respondeat superior." *Linnin*, 372 F. Supp. 2d at 823.

40.    As in *Linnin*, therefore, Plaintiff "has nothing to gain from joining [the Employee Defendants] except for defeating diversity." *Id.* at 824.    Notably, the FAC includes several paragraphs alleging wrongdoing by senior executives (including the former CEO) of one Manufacturer Defendant (*e.g.*, FAC ¶¶ 266-271), yet none of those executives is named a defendant in this case, likely because they are citizens of states other than South Carolina and thus pose no obstacle to federal jurisdiction.    Plaintiff has instead named low-level employees as defendants simply because they are South Carolina citizens.    Because Plaintiff has named the Employee Defendants for the sole purpose of thwarting federal jurisdiction and has no intention of obtaining a joint judgment against them, the Employee Defendants are fraudulently joined.[2]

### 2. The Distributor Defendants and Dealer Defendants Should Be Severed Under Rule 21

41.    Separate and apart from the fraudulent joinder doctrine discussed above, even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.    Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.    Here, the Distributor Defendants

---

[2] In *Brooke County Commission et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order), a West Virginia district court concluded in an opioid-related action that non-diverse sales representatives of a manufacturer had not been fraudulently joined. The *Brooke* court reached that decision because it concluded that the sales representatives, as alleged agents of a manufacturer, were not "insulated against personal liability . . . under West Virginia law." *Id.* at 11.    The *Brooke* court did not analyze, and was not presented with, the fraudulent joinder argument made here—that the Employee Defendants are fraudulently joined because Plaintiff has no intention of obtaining a joint judgment against them.

and Dealer Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants.

42.    It is settled law in the Fourth Circuit that "non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants." *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978); *see Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) ("[A] party . . . whose presence deprives the court of jurisdiction may be dropped or severed from the action."). As the United States Supreme Court has held, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-73 (2004).

43.    *Sullivan v. Calvert Memorial Hospital*, 117 F. Supp. 3d 702 (D. Md. 2015), is particularly instructive. There, a Maryland citizen filed suit in state court for injuries arising from the implant of a medical device. *Id.* at 703. The plaintiff asserted claims against the out-of-state manufacturer of the medical device, as well as non-diverse healthcare providers who performed her surgery. *Id.* at 703-04. Notwithstanding a lack of complete diversity on the face of the complaint, the manufacturer removed the case to federal court, arguing the court should preserve diversity jurisdiction by severing the non-diverse healthcare providers as unnecessary and dispensable parties under Rule 19. *Id.* at 704. The court agreed. *Id.* at 707.

44.    Even though the claims against the manufacturer and the healthcare providers "involve[d] the same physical object," the court held that severance was appropriate because the claims against the two sets of defendants involved "distinctly different" "legal standards and factual inquiries." *Id.* at 706. As the court explained, "[t]he [healthcare providers] are not

necessary parties to [plaintiff's] claims against the [diverse manufacturer] because the resolution of her claims against the [healthcare providers] would not necessarily resolve her claims against the [manufacturer]." *Id.* at 707. "[Plaintiff's] medical negligence claims against the [healthcare providers] hinge on whether they deviated from the standard of care of healthcare professionals . . . . Her products liability claims against the [manufacturer] turn on whether [it] . . . improperly designed, manufactured, tested, advertised, and gave directions regarding use of the [medical device]. These standards of care and the deviation from same are different and distinct from one another." *Id.*

45.    The court further explained that there was "a critical policy reason" to sever the non-diverse defendants—namely, it would allow the claims against the diverse manufacturer to be transferred to an MDL. *Id.* "Whatever inconvenience [plaintiff] might suffer from her having to litigate her claims in two separate forums, that inconvenience is far exceeded by the prejudice of requiring the manufacturer . . . to defend on many more than just two fronts. Forcing the [manufacturer] to litigate [these] claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers that installed the device would defeat the entire purpose of the MDL." *Id.* (internal quotation marks and citation omitted). Accordingly, the court severed the non-diverse defendants and denied remand as to the diverse manufacturer. *Id.*

46.    Numerous decisions of district courts in this Circuit and other circuits are in accord with *Sullivan*. *E.g.*, *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-74 (N.D. Ohio 2009); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D.

Ohio July 8, 2009); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012).

47.    Likewise, here, this Court should sever the Distributor Defendants and Dealer Defendants under Rule 21 and deny remand as to the Manufacturer Defendants because the Distributor Defendants and Dealer Defendants are unnecessary and dispensable under Rule 19. Alleged joint tortfeasors like the Distributor Defendants and Dealer Defendants are unnecessary parties as a matter of settled law.   *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Linnin*, 372 F. Supp. 2d at 826 ("[A] non-diverse defendant who is a jointly and severally liable tort-feasor is *not* an indispensable party to a diversity action under Rule 19 and may be dismissed by the court in order for it to retain jurisdiction." (internal quotation marks omitted)).

48.    Moreover, just like *Sullivan* (and many other cases), in which the plaintiff's claims against the diverse and non-diverse defendants were materially distinct, here Plaintiff's claims against the Manufacturer Defendants are materially distinct from the claims against the Distributor Defendants and Dealer Defendants.   Specifically, Plaintiff alleges that the Manufacturer Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing and promoting the medications.   By contrast, Plaintiff alleges that the Distributor Defendants failed to report suspicious opioid orders, and that the Dealer Defendants criminally prescribed opioid medications to consumers without any legitimate medical purpose. There is no material overlap between the factual allegations against the Manufacturer Defendants, on the one hand, and the Distributor Defendants or Dealer Defendants, on the other, that would make the Distributor Defendants or Dealer Defendants necessary or indispensable parties under Rule 19.   *See, e.g., Sullivan*, 117 F. Supp. 3d at 707; *Baxter*, 614 F. Supp. 2d at 872.

49.    Beyond Rule 19, the claims against the Distributor Defendants and Dealer

Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.   Rule

21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same

transaction, occurrence, or series of transactions or occurrences" as the claims against other

defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes &*

*Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule

21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when

the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule

20(a).").   This Court and others have repeatedly denied remand as to diverse defendants and

severed claims against non-diverse defendants where the claims against the non-diverse

defendants were separate and distinct, and arose from different transactions or occurrences.   *See,*

*e.g., Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 458 (D.S.C. 2016) ("[J]oinder of

[p]laintiff's claims against all Defendants was not proper since Fed. R. Civ. P. 20 does not

contemplate joinder of the separate legal and factual inquiries of [p]laintiff's claims.").[3]   Because

of the distinct material allegations underpinning the claims against the Manufacturer Defendants,

on the one hand, and the Distributor Defendants and Dealer Defendants, on the other, these claims

cannot properly be joined together.

50.    Severance is particularly appropriate here because it will enable the diverse parties

to benefit from the significant efficiencies stemming from participation in coordinated MDL

proceedings in the Northern District of Ohio.   *See* Exhibit 1.   Courts across the

---

[3]  *Accord Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL
11366408, at *3 (N.D. Fla. Nov. 10, 2008); *Westley v. Progressive Specialty Ins. Co.*, No.
14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Loeffelbein*, 2003 WL 21313957,
at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F.
Supp. 2d 674, 683-84 (D. Nev. 2004); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D.
Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 545 (N.D. Ill. 1998).

country—including courts within this Circuit—have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction. *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707; *Sutton*, 251 F.R.D. at 505; *Baxter*, 614 F. Supp. 2d at 873; *Mayfield*, 2015 WL 3440492, at *5.

51.     As one district court within this Circuit explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer] to considerable prejudice.   [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claim against [the manufacturer] in the MDL proceedings.   For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]." *Cooke-Bates*, 2010 WL 3984830, at *4 (citation omitted).   Indeed, "[f]orcing [diverse manufacturers] to litigate [these] claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers . . . would defeat the entire purpose of the MDL." *Sullivan*, 117 F. Supp. 3d at 707.

52.     That Plaintiff asserts causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants, on the one hand, and the Distributor Defendants and Dealer Defendants, on the other, is materially distinct.   *See, e.g.*, *Smith v. Hendricks*, 140 F. Supp. 3d 66, 75 (D.D.C. 2015) (claims misjoined, even though plaintiff pleaded the same cause of action against non-diverse and diverse defendants, because plaintiff's interactions with the non-diverse and diverse defendants were "wholly distinct"); *Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish

between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). If Plaintiff wants to pursue claims against the Distributor Defendants or Dealer Defendants, Plaintiff has an "adequate remedy . . . in state court." *Baxter*, 614 F. Supp. 2d at 873.

53.     While Plaintiff alleges that one Dealer Defendant received money from one Manufacturer Defendant, supposedly as a "kickback[]" (FAC ¶ 387), this is too thin a reed on which to establish proper joinder. The core allegations purportedly giving rise to liability are separate and distinct. The alleged liability of the Dealer Defendants for criminally prescribing opioid medications to consumers without any legitimate medical purpose is not dependent upon or intertwined with the alleged liability of the Manufacturer Defendants, and resolution of the materially distinct claims against the Dealer Defendants plainly would not resolve the claims against the Manufacturer Defendants. *See, e.g.*, *Sullivan*, 117 F. Supp. 3d at 707; *Baxter*, 614 F. Supp. 2d at 872. Moreover, any alleged tangential connection between these disparate claims cannot overcome the efficiencies to be gained from participation in the MDL. *See, e.g.*, *Sullivan*, 117 F. Supp. 3d at 707; *Cooke-Bates*, 2010 WL 3984830, at *4.

### 3.     The Distributor Defendants and Dealer Defendants Are Also Fraudulently *Mis*joined

54.     As an alternative to severance under Rule 21, the citizenship of the Distributor Defendants and Dealer Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent *mis*joinder doctrine (which is separate from the fraudulent joinder doctrine discussed above). As district courts within this Circuit have explained, fraudulent misjoinder,

18

also called procedural misjoinder, "is an assertion that claims against certain defendants . . . have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 644 (S.D. W. Va. 2017) (internal quotation marks omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)), *abrogated on another ground by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

55.     While the Fourth Circuit has neither accepted nor rejected the fraudulent misjoinder doctrine, the "weight of authority" from district courts in this Circuit "accepts the doctrine." *McKesson Corp.*, 263 F. Supp. 3d at 645.    This Court has adopted the doctrine. *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:14-cv-02253, 2016 WL 7339811, at *3 (D.S.C. Oct. 24, 2016) ("This Court agrees with the Eleventh Circuit and the majority of district courts in this circuit and adopts the fraudulent misjoinder doctrine.").

56.     In opioid-related cases like this one, federal district courts in this Circuit recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *See McKesson Corp.*, 263 F. Supp. 3d at 647; *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017). *But see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order). In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and

other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing]

written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted

or misused." 263 F. Supp. 3d at 642. Denying plaintiff's remand motion, the court held that

"plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common

questions of law or fact" and were "separate and distinct" and did not defeat diversity. *Id.* at 647.

In *City of Huntington*, the court reached the same conclusion for substantially the same reasons.

2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and

distinct").

57.    Even if the Court finds that the Distributor Defendants or Dealer Defendants are not

subject to severance under Rule 21, it should find the claims against them to be fraudulently

misjoined.

58.    In sum, because Plaintiff is a South Carolina citizen, and because none of the

properly joined Defendants is a South Carolina citizen, there is complete diversity of citizenship.

*See* 28 U.S.C. § 1332(a).

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

59.    "[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating

Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court

adjudication, the defendant's amount-in-controversy allegation should be accepted when not

contested by the plaintiff or questioned by the court." *Id*. at 553.

60.    Here, Plaintiff asserts that it has lost "millions of dollars" "[a]s a direct and

foreseeable consequence of [Manufacturer] Defendants' wrongful conduct." (FAC ¶ 34.)

Plaintiff seeks "[c]ompensatory damages in an amount sufficient to . . . completely compensate

Plaintiff for all damages" as well as treble damages and punitive damages. (*Id.* Prayer for Relief ¶¶ i-ii, iv.)   It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

#### A.    This Notice of Removal Is Timely

61.    This Notice of Removal is timely filed.   Endo received the FAC through service on March 21, 2018.   Because Endo filed the Notice of Removal on April 20, 2018, removal is timely.   *See* 28 U.S.C. § 1446(b)(1).

#### B.    All Properly Joined And Served Defendants Consent to Removal

62.    For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

63.    The following properly served Defendants consent to removal, as indicated by their signing below:   Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Insys Therapeutics, Inc.

64.    The following Defendants have not been properly served, and thus their consent to removal is not required:   Allergan plc f/k/a Actavis plc; and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.   Nevertheless, they consent to removal.   The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

65.    The Employee Defendants, Distributor Defendants, and Dealer Defendants are not properly joined in this action, and thus their consent to removal is not required.

66.    By filing this Notice of Removal, neither Endo nor any other Defendant waive any defense that may be available to them and reserve all such defenses.   If any question arises as to the propriety of the removal to this Court, Endo requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Court of Common Pleas,

Thirteenth Judicial Circuit, in the County of Greenville, South Carolina to the United States

District Court for the District of South Carolina.


DATED:   April 20, 2018

*/s/ Brent B. Young*
Brent B. Young
Fed. ID No. 10140
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway
Johnson City, Tennessee 37604
Telephone: (423) 928-0181
Facsimile: (423) 979-7654
byoung@bakerdonelson.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants
PURDUE PHARMA L.P., PURDUE PHARMA
INC., and THE PURDUE FREDERICK
COMPANY INC.:

/s/ David E. Dukes
David E. Dukes
Federal Bar No. 635
david.dukes@nelsonmullins.com
Amanda S. Kitts
Federal Bar No. 9005
amanda.kitts@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000


 /s/ Mark S. Cheffo*
Mark S. Cheffo*
Hayden A. Coleman*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
markcheffo@quinnemanuel.com
haydencoleman@quinnemaneul.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606

24

(312) 407-0700
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON
LABORATORIES, INC., ACTAVIS LLC, and
ACTAVIS PHARMA, INC. F/K/A WATSON
PHARMA, INC.:

/s/ Brian M. Ercole*
Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL   33131-2339
brian.ercole@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC.,
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC., and JANSSEN
PHARMACEUTICA, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC.:

 /s/ Charles C. Lifland*_____
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendants
ALLERGAN PLC (F/K/A ACTAVIS PLC) and
ALLERGAN FINANCE, LLC (F/K/A ACTAVIS,
INC. F/K/A WATSON PHARMACEUTICALS,
INC.):

/s/ Donna Welch* _____
Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
*denotes national counsel who will seek pro hac
vice admission


Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:

/s/ J. Matthew Donohue* _____
J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
*denotes national counsel who will seek pro hac
vice admission

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

Smith Drug Company
c/o Registered Agent
CT Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223

Rite Aid of South Carolina, Inc.
c/o Registered Agent
CT Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223

Wendy Kay
165 E. Farrell Drive E.
Woodruff, SC 29388

Wal-Mart Stores East, LP
c/o Registered Agent
CT Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223

Michael Madden
9 Bobcat Trail
Simpsonville, SC 29681

McKesson Corporation
c/o Registered Agent
Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

Jeffrey Ward
420 Evening Mist Ct. 20
Duncan, SC 29334

CVS Pharmacy, Inc.
c/o Registered Agent
CT Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223

Amersourcebergen Corporation
c/o Registered Agent
CT Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223

Janssen Pharmaceuticals, Inc.
c/o Registered Agent
CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

Cardinal Health, Inc.
c/o Registered Agent
CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

Actavis Pharma, Inc.
f/k/a Watson Pharma
Corporate Creations Network, Inc.
6650 Rivers Avenue
North Charleston, SC 29406

Aathirayen Thiyagavajah
c/o E. Brown Parkinson, Jr.
Attorney
27 Cleveland Street
Suite 201
Greenville, SC 29601

LeAvis Sullivan
10 Seahorse Court
Isle of Palms, SC 29451

Wal-Mart Stores East, LP
c/o Registered Agent
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Teva Pharmaceuticals USA, Inc.
c/o Registered Agent
Corporate Creations Network, Inc.
3411 Silverside Road
Tatnall Building
Suite 104
Wilmington, DE 19810

Insys Therapeutics, Inc.
c/o Registered Agent
c/o Corporate Creations Network, Inc.
3411 Silverside Road
Tatnall Building
Suite 104
Wilmington, DE 19810

Purdue Pharma, L.P.
c/o Prentice Hall
251 Little Falls Drive
Wilmington, DE 19808

The Purdue Frederick Company
c/o Prentice Hall
251 Little Falls Drive
Wilmington, DE 19808

CVS Health Corporation
c/o Registered Agent
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Cephalon, Inc.
c/o Registered Agent
Corporate Creations Network, Inc.
3411 Silverside Road
Tatnall Building
Suite 104
Wilmington, DE 19810

Actavis, LLC
c/o Registered Agent
Corporate Creations Network, Inc.
3411 Silverside Road
Tatnall Building
Suite 104
Wilmington, DE 19810

Purdue Pharma, Inc.
c/o Registered Agent
Corporation Service Company
80 State Street
Albany, NY 12207

Actavis Inc.
425 Privet Road
Horsham, PA 19044

Watson Laboratories, Inc.
c/o Registered Agent
Corporate Creations Network, Inc.
615 West Johnson Ave., No. 202
Cheshire, CT 06410

James H. Elliott, Jr. Esq.
Richardson Plowden & Robinson, PA
171 Church Street, Suite 150
Charleston, SC 29401

Johnson & Johnson
1 Johnson & Johnson Plaza
New Brunswick, NJ 08933

Wal-Mart Stores, Inc.
c/o Registered Agent
2 Office Park Court
Suite 103
Columbia, SC 29223

William A. Coates, Esq.
Roe Cassidy Coates & Price, PA
P.O. Box 10529
Greenville, SC 29603

Allegan PLC f/k/a
Watson Pharmaceuticals, Inc.
Clonshaugh Business &
Technology Park
Coolock, Dublin Ireland 17

Actavis, LLC
Morris Corporate Center III
400 Interpace Parkway
Parsippany, NJ 07054

Dated:    April 20, 2018

/s/ Brent B. Young
Brent B. Young
Fed. ID No. 10140
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway
Johnson City, Tennessee 37604
Telephone: (423) 928-0181
Facsimile: (423) 979-7654

byoung@bakerdonelson.com