IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| County of Greenville, | ) | |
| | ) | C/A No. 6:18-1085-TMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Rite Aid of South Carolina, Inc.; | ) | |
| Purdue Pharma, L.P; Purdue Pharma, | ) | |
| Inc.; Purdue Frederick Company, | ) | |
| Inc.; Teva Pharmaceuticals USA, Inc.; | ) | |
| Cephalon, Inc.; Johnson & Johnson; | ) | |
| Janssen Pharmaceuticals, Inc.; | ) | |
| Ortho-McNeil-Janssen | ) | |
| Pharmaceuticals, Inc. n/k/a Janssen | ) | |
| Pharmaceuticals, Inc.; Janssen | ) | |
| Pharmaceutica, Inc. n/k/a Janssen | ) | |
| Pharmaceuticals, Inc.; Endo Health | ) | |
| Solutions inc.; Endo Pharmaceuticals, | ) | |
| Inc.; Allergan PLC f/k/a Actavis PLC; | ) | |
| Actavis, Inc. f/k/a Watson Pharmaceuticals, | ) | |
| Inc.; Watson Laboratories, Inc.; Actavis | ) | |
| LLC; Actavis Pharma, Inc. f/k/a | ) | |
| Watson Pharma, Inc.; Insys | ) | |
| Therapeutics, Inc.; McKesson | ) | |
| Corporation; Cardinal Health, Inc.; | ) | |
| Amerisourcebergen Corporation; | ) | |
| Smith Drug Company; Wal-Mart | ) | |
| Stores East, LP; Wal-Mart Stores, | ) | |
| Inc.; CVS Pharmacy, Inc.; CVS Health | ) | |
| Corporation; Wendy Kay; Michael | ) | |
| Madden; Leavis Sullivan; Jeffery | ) | |
| Ward; Aathirayen Thiyagarajah; | ) | |
| Spine and Pain, LLC; John Doe 1; John | ) | |
| Doe 2; John Doe 3; John Doe 4; Clinic 1; | ) | |
| Clinic 2; Clinic 3; Clinic 4; and Clinic 5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was originally filed in state court and removed by Defendants Endo Health Solutions, Inc., and Endo Pharmaceuticals, Inc. (the "Removing Defendants"), to this court based on diversity jurisdiction. (ECF No. 1 at 2). This matter is before the court on Plaintiff

Greenville County's ("Greenville County") Emergency Motion to Remand and for an Expedited Ruling. (ECF No. 4). The Removing Defendants filed a response opposing Plaintiff's motion (ECF No. 42), and Plaintiff filed a reply (ECF No. 53). The court held a hearing on the motion on May 16, 2018, and took the motion under advisement.

## I. Background/Procedural History

In its Amended Complaint (ECF No. 1-2), Greenville County alleges that it seeks to address the opioid epidemic and recoup the costs it has incurred and continues to incur because of it. Greenville County and asserts the following claims: (1) violations of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 et seq.; (2) common law fraud; (3) unjust enrichment; (4) negligence; (5) negligent misrepresentation; (6) public nuisance; (7) constructive fraud; and (8) negligence per se. Greenville County names 22 Defendants, and an additional five John Does and five unnamed clinics as defendants. These Defendants can be grouped into four types of defendants: (1) the Manufacturer Defendants; (2) the Distributor Defendants; (3) the Sales Representatives or Employee Defendants; and (4) the physicians and/or their clinics, which Greenville County refers to as the "Dealer" Defendants in this action. Prior to the filing of this action, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for cases in which "cities, counties and states . . . allege that . . . manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians." *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, 2017 WL 6031547 (J.P.M.L. Dec. 5, 2017).

The Removing Defendants removed this case to this court alleging diversity jurisdiction. (ECF No. 1 at 2, 6-7). The parties agree that Greenville County is a South Carolina citizen, that removal was timely, and that the amount in controversy exceeds $75,000. And the parties agree

that there are several non-diverse defendants. However, in its removal filings, the Removing Defendants contend that the unidentified John Does and the unnamed clinics should be ignored; that the Dealer and Distributor Defendants should be severed or, alternatively, are fraudulently misjoined; and that the Employee Defendants are fraudulently joined.

Additionally, in their response to the motion to remand, the Removing Defendants contend that the court should stay this action pending a transfer to the MDL. The JPML has already issued a Conditional Transfer Order ("CTO") in this case, conditionally transferring this action to the MDL. And the MDL Court has issued a moratorium on all substantive filings, including motions to remand, and has indicated that it is not going to rule on any pending motions to remand at the present time.

## II. Standard

Federal courts are courts of limited jurisdiction, and a federal court must carefully guard to ensure that all cases before it are properly subject to its jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Moreover, because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

This case was removed on the basis of diversity jurisdiction. Federal diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity is present. 28 U.S.C. § 1332. "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435 (4th Cir. 1999). In cases in which the jurisdiction is based on diversity of citizenship, the burden of establishing federal jurisdiction rests upon the party seeking removal. *Mulcahey v. Columbia Organic Chem. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (holding that the burden is on the removing defendant to establish subject matter

3

jurisdiction).  If federal jurisdiction is doubtful, remand is necessary.  *Id.*

### III.  Discussion

**A. Stay**

In it motion to remand, Greenville County contends that the court lacks subject matter jurisdiction as there is not complete diversity between the parties. In their response, the Removing Defendants ask that this court stay the action pending transfer to the MDL, and allow the MDL court to rule on Greenville County's motion to remand.[1] The Removing Defendants contend that, without a stay, they will be forced to engage in duplicative litigation of the same remand issues in multiple courts - here and the MDL - which may result in inconsistent rulings. The Removing Defendants also contend that the Manufacturer Defendants would face substantial hardship and any prejudice to Greenville County would be minimal. Greenville County in its reply argues that the court should not stay a decision on its remand motion because nothing requires a stay and, if this court does not have jurisdiction, neither does the MDL court.

The court notes that the MDL judge has stated that he is not going to act on any motions to remand, and has, in fact, placed a moratorium on filing motions to remand. In light of the task before him, his order is certainly understandable.  Additionally, the parties agree that this court has the authority to rule on pending motions prior to the issuance of a transfer order.[2]  Moreover, as Greenville County argues in its reply, motions to remand are particularly appropriate for this court to resolve because if this court does not have jurisdiction, then the MDL court also does not have jurisdiction.  *Stephens v. Kaiser Foundation Health Plan*, 807 F.Supp.2d 375, 381 (D.Md. 2011).  Reviewing the entire record before the court, the court finds it appropriate to rule

---

[1]The court notes that the Removing Defendants did not file a motion to stay.

[2]The briefing on the issue of transfer to the MDL is to be completed by June 12, 2018.  (ECF No. 53 at 2, n.1).

on the motion to remand and declines to stay this action pending transfer to the MDL.

**B. Fraudulent Joiner and Fraudulent Misjoinder**

In their response opposing the motion to remand, the Removing Defendants first argue that the motion to remand should be denied because of fraudulent joinder of the Employee Defendants. Alternatively, the Removing Defendants argue that the court should apply the doctrine of fraudulent misjoinder to the Distributor and Dealer Defendants.

> Fraudulent joinder and fraudulent misjoinder are two distinct legal doctrines that provide exceptions to the well-pled complaint rule as it applies to removal based on diversity jurisdiction by allowing courts to disregard the citizenship of certain parties. Fraudulent joinder is applicable where a defendant seeking removal argues that other defendants were joined when there is no possible cause of action against those defendants or where the complaint pled fraudulent facts. Fraudulent misjoinder, on the other hand, is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal.

*Wyatt v. Charleston Area Med. Ctr.*, 651 F.Supp.2d 492, 496 (S.D.W. Va. 2009) (internal citations omitted). Unlike fraudulent joinder, fraudulent misjoinder has thus far not been widely recognized in the federal courts. Construction and Application of Fraudulent Misjoinder Exception to Complete Diversity Rule, 65 A.L.R.2d 527 (originally published in 2012). The Fourth Circuit Court of Appeals has not addressed this issue, and while some district courts in South Carolina have applied it, other district courts in South Carolina have declined to adopt it. *Palmetto Health Alliance v. SCE&G*, No. 3:11-cv-2060-JFA, 2011 WL 5027162, *2 (D. S.C. Oct. 21, 2011) (stating that "[a]bsent direction from the Fourth Circuit, this court declines to adopt fraudulent misjoinder . . ."); *Beaty v. Bridgestone America's Tire Operations, LLC*, No. 4:10-3303-RBH, 2011 WL 939001, * 3-4 (D.S.C. Mar. 16, 2011) (declining to adopt and stating there is "no Fourth Circuit Court of Appeals authority to place procedural misjoinder at the same

5

level as fraudulent joinder.").

> Not only are district courts split on whether to recognize and apply the doctrine of procedural misjoinder, they are also split on what standard applies in order to show misjoinder, and what result should be reached under the doctrine if it is applied. *See T.F. ex rel. Foster v. Pfizer, Inc.*, No. 12-1221, 2012 WL 3000229 at **2-3 (E.D. Mo. 2012)[Applying egregious standard discussed in *In re Prempro*]; *Pate v. Boston Scientific Corp.*, No. 13-6321, 2013 WL 5743499 at *5 (C.D. Cal. Oct. 21, 2013)[Applying a clear and convincing standard, and finding that the Defendant's speculation [of improper joinder] does not rise to the level of clear and convincing evidence. "Even if the Court were to accept Defendant's assertion that it is not plausible – and it is not clear that accepting Defendant's assertion would be appropriate - it is still possible that Plaintiffs' claims do arise out of the same transactions or occurrences. Without any kind of showing that Plaintiffs' are improperly joined, Defendant's efforts do not meet the requisite clear and convincing evidence standard."]; *Walton v. Tower Loan*, 338 F.Supp.2d 691, 695 (N.D. Miss. 2004)[requiring a "level of misjoinder that was not only improper, but grossly improper."]; *Asher v. Minn. Mining and Mfg. Co.*, No. 04-522, 2005 WL 1593941 at* 7 (E.D. Ky. June 30, 2005)[applying the same "reasonable basis" standard for fraudulent misjoinder as in fraudulent joinder]; *J.C. ex rel. Cook v. Pfizer, Inc.*, 2012 WL 4442518 at * 4 (S.D.W. Va. 2012)[Not applying the egregious standard and instead finding that "Defendants must demonstrate that Plaintiffs fail to meet either or both of the requirements for joinder: 1) the claims must arise out of the same transaction, series of transactions, or occurrence; and 2) some question of law or fact common to all parties must be present."]; *but cf. Stinnete v. Medtronic Inc.*, No. 09-3854, 2010 WL 767558 (S.D. Tex. Mar. 3, 2010)[Finding that "[a] multitude of cases around the country have held that plaintiffs were not properly joined when the only common link among them was a defective drug or medical device."].

*In re Lipitor*, MDL No. 2:14-mn-2502-RMG-BM, 2016 WL 7373887, 19 (D.S.C. July 14, 2016).

### i. Fraudulent Joinder

As to the doctrine of fraudulent joinder, as noted above, the fraudulent joinder doctrine enables a district court to " 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.' " *Johnson v. Am. Towers, LLC,* 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

> 'Fraudulent joinder' is a term of art, it does not reflect on the integrity of [the] plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause

6

> of action exists. In other words, a joinder is fraudulent if there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming.

*AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (alterations and omission in original) (internal quotation marks omitted). "To establish fraudulent joinder, the removing party must show either: (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Toney v. LaSalle Bank Nat. Ass'n*, 36 F. Supp. 2d 657, 663 (D.S.C. 2014) (*citing Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006)).

"The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The Fourth Circuit Court of Appeals has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (citations omitted). To defeat an allegation of fraudulent joinder, the plaintiff need establish 'only a slight possibility of a right to relief.' " *Hughes v. Wells Fargo Bank, N.A.*, 617 Fed.Appx. 261, 264 (4th Cir. 2015) (*quoting Mayes*, 198 F.3d at 464). Moreover, in evaluating whether an attempted joinder is fraudulent, a court is not bound by the allegations of the complaint but can "consider the entire record, and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464. Additionally, this court is required to "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley*, 187 F.3d at 425.

The Removing Defendants do not argue that Greenville County does not have or has not alleged a claim against the Employee Defendants. Rather, the Removing Defendants argue that

7

Greenville County has no real intention of obtaining a judgment against the Employee Defendants. The Removing Defendants rely on the holding in *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). However, in *Wilson*, the Supreme Court noted that the defendant was joined "without any reasonable basis in fact *and* without any purpose to prosecute the cause in good faith." 257 U.S. 92, 98 (1921) (emphasis added). Further in *Wilson*, the notice of removal asserted that the nondiverse defendant "was not in any degree whatsoever responsible" for plaintiff's injuries. *Id.* at 94, 98.

Further, the Removing Defendants' rely on nonbinding case law from district courts or other circuits, which have held that a defendant is fraudulently joined where a plaintiff has no intention of prosecuting the claim or seeking a joint judgment. The court acknowledges that the Fourth Circuit Court of Appeals has used the phrase "no intention to seek a joint judgment" on at least one occasion. *See Aids Counseling and Testing Centers v. Group W. Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). However, in *Aids Counseling*, the Fourth Circuit noted that a joinder was fraudulent where no such intention existed *and* where there is no colorable ground for claiming that such an intention exists. *See Willard v. United Parcel Servc.*, 413 F.Supp.2d 593, 599 (M.D. N.C. 2006). *See also Englemen v. Johnson & Johnson*, No. 5:10-CV-173-BO, 2011 WL 52364, at *2 (E.D.N.C. Jan. 5, 2011) (remanding case to state court where plaintiffs could state a claim notwithstanding defendants' contention that plaintiff did not have any intention of pursuing a claim against the non-diverse defendant); *Myers v. Air Serv Corp.*, No. 1:07cv911, 2008 WL 149136, at *2 (E.D. Va. Jan. 9, 2008) (holding that "the crucial question pertains to the likelihood of liability, not the likely success of collection efforts."). Accordingly, a plaintiff's intention not to seek a judgment alone should not be a ground for a finding of fraudulent joinder. There also must be the absence of a basis for a claim. *Id.* Here, Greenville County has a colorable claim against the Employee Defendants.

8

As indicated by the filings in this case and in the cited authority from decisions from courts around the country handling similar litigation, the prescription drug supply system in the United States involves various players and multiple working parts. While the manufacturers are the source of the drugs, wholesale distributors provide them to pharmacies, including large chain pharmacies, community pharmacies, hospitals and other medical facilities which are the links to the consumer, the patient, who obtains a prescription order from a licensed prescriber. The delivery of prescription drugs takes place within a complex system that controls the price and flow of drugs in America. It is supposed to be a closed system in the sense that, according to laws and regulations cited in the Amended Complaint, safeguards should be in place along the distribution chain to prevent the diversion of prescription drugs into anywhere other than legitimate medical, scientific, and industrial channels. All of the Defendants are involved in the supply chain that delivers prescription drugs, including opioids, to patients. Based on the foregoing, the court finds the Removing Defendants have failed to make a showing of fraudulent joinder of the Employee Defendants.[3]

### ii. Fraudulent Misjoinder

Alternatively, the Removing Defendants argue for the application of fraudulent misjoinder in regard to the Distributor and Dealer Defendants. Here, the court need not decide

---

[3]The Amended Complaint alleges that the Employee Defendants, Wendy Kay, Michael Madden, Jeffrey Ward, and LeAvis Sullivan, are citizens and residents of South Carolina. In the Amended Complaint, Greenville County also alleges that Defendant Aathirayen Thiyagarajah is a citizen of South Carolina, that Defendant Spine and Pain, LLC, is a South Carolina legal entity, and that the John Doe defendants have their principal places of business in South Carolina. Further, in the Amended Complaint, Greenville County alleges that Defendant Rite Aid of South Carolina, Inc., was incorporated in South Carolina in 1977, and that Defendant Smith Drug Company is a South Carolina Corporation with its headquarters located in Spartanburg, South Carolina. Therefore, even if the Employee Defendants are disregarded for purposes of federal jurisdiction, the complaint contains sufficient allegations as to other South Carolina citizens or entities which would destroy diversity and justify remand.

whether or not to adopt and apply the doctrine of fraudulent misjoinder as a basis for federal jurisdiction because the Amended Complaint contains sufficient allegations as to those Defendants that are citizens of South Carolina, including Smith Drug Company, Rite Aid of South Carolina and the other South Carolina citizens.  The claims against these defendants as alleged in the complaint, clearly have a logical relationship to one another and arise from the same or substantially related series of transactions and occurrences. At the very least, as discussed above, the claims against the Manufacturer Defendants and the Distributor and Dealer Defendants are logically related, as all of these defendants are integral players in the prescription drug supply chain that provides opioids and other prescription drugs to people in South Carolina.

In light of these findings and, given the absence of direction from the Fourth Circuit and the unsettled state of the law governing the doctrine of fraudulent misjoinder, including the variance and lack of consistency in its application by courts that have applied it, the court declines to adopt fraudulent misjoinder to find jurisdiction in this case.

C. **Severance**[4]

In their response to the motion to remand, the Removing Defendants contend that the court should sever the Distributor Defendants and Dealer Defendants pursuant to Fed. R. Civ. P. 21. (ECF No. 1 at 13).  In its reply, Greenville County contends that the court cannot sever a non-diverse defendant whose presence is not essential under Rule 21 to achieve diversity. (ECF No. 53 at 11).

As a general matter, Rule 21 permits the court to sever a unnecessary and dispensable party from a case in order to achieve complete diversity and establish proper jurisdiction of a

---

[4] As a threshold matter, the court notes that no motion for severance has been filed in this case.  However, as it was mentioned in the Defendants' filings and has been briefed, the court will address the issue.

civil action. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978) ("[N]on-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and defendants."). However, some courts have disagreed as to whether it is proper to sever a non-diverse defendant in a diversity case removed from federal court absent a finding of fraudulent joinder or fraudulent misjoinder.

The court must consider whether dismissal of the nondiverse party or parties will prejudice any of the parties remaining in the case, and whether the presence of the nondiverse party provides a tactical advantage for one party. *Newman-Green, Inc.*, 490 U.S. at 838. Additionally, the court must evaluate whether a party is necessary and indispensable under Rule 19. *Sullivan v. Calvert Mem'l Hosp.*, 117 F.Supp.3d 702, 705 (D.Md. 2015). Under Rule 19, a party is necessary if:

> the court cannot accord complete relief among existing parties; [ ] or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1). Further, a necessary party is indispensable if the action cannot proceed without that party "in equity and good conscience." *Sullivan*, 117 F.Supp.3d at 705 (quoting Rule 19(b)). If a nondiverse party is necessary and indispensable under Rule 19, then "diversity remains incomplete and the case must be remanded to state court." *Id.*

The court finds persuasive the holdings of the Maryland District court in its recent decisions in *Mayor and City Council of Baltimore v. Purdue Pharma, L.P.*, No. GLR-18-800, 2018 WL 1963816 (D. Md. April 25, 2018), and *Anne Arundel Cty. v. Purdue Pharma*, L.P., No. GLR-18-519, 2018 WL 1963789 (D.Md. April 25, 2018). In those cases, similar issues and

arguments were raised and the court found that the claims were factually and legally intertwined i.e., that the plaintiff alleges that all the defendants contributed to the opiod crisis in Baltimore and the court found the healthcare provider-defendants were necessary and indispensable and therefore not severable under Rule 21. *Id.* at 5-6.

The court also finds that Greenville County's claims satisfy the requirements of Rule 20 for permissive joinder. This case involves claims against the Defendants for engaging in a financial scheme to fraudulently market and fuel the sale of opioids. As in the Baltimore cases, the court finds the similarities between the Defendants in this case overshadow any differences.

As stated above in regard to the doctrines of fraudulent joinder and fraudulent misjoinder, the facts alleged in the complaint are sufficiently intertwined with respect to all of the Defendants. The claims are not so separate and distinct that keeping them joined would result in an injustice. On the contrary, keeping the parties and claims joined at this point would promote efficiency and minimize delay, inconvenience, and expense to the parties. If the court were to order severance to obtain federal jurisdiction, Greenville County stands to suffer significant prejudice as the Defendants in each case would have the ability to shift blame and responsibility to an absent party. This is sometimes referred to as the "empty chair" defense. For example, the Manufacturer Defendants would be able to shift blame to the absent Distributor, Dealer, or Employee Defendants, thereby forcing Greenville County to defend the actions of the absent Defendants in each case.[5]

---

[5]Thus far, only one Defendant, Smith Drug Company, has filed an answer to the complaint. In its answer, Smith Drug Company has asserted affirmative defenses, as is its right, which claim that any loss or damage alleged by Greenville County was caused or contributed to by acts of others and not Smith Drug Company and further, that any loss or damage was proximately caused or contributed to by acts of others.

## III. Conclusion

Accordingly, based on the foregoing, Plaintiff's Motion to Remand and for an Expedited Ruling (ECF No. 4) is **GRANTED**. The request that this court sever the defendants to provide federal jurisdiction is **DENIED**. Therefore, it is ordered that this action be remanded to the Court of Common Pleas of Greenville County, South Carolina.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

May 21, 2018
Anderson, South Carolina